FILED
1/19/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAJA NIKOLIC and<br>MARKO NIKOLIC | No. 20 CR 750<br><br>Violations: Title 18, United States Code, Sections 1343 and 1349<br><br>Judge Ronald A. Guzman<br>Magistrate Judge Susan E. Cox |

### COUNT ONE

The SPECIAL NOVEMBER 2019 GRAND JURY charges:

1.  At times material to this Indictment:

    a.  Defendant MAJA NIKOLIC was a resident of Brookfield, Illinois and a legal permanent resident of the United States.

    b.  Defendant MARKO NIKOLIC was a resident of Opa Locka, Florida and La Grange, Illinois, and a legal permanent resident of the United States. Defendant MARKO NIKOLIC was a member and registered agent of Food by Orange LLC and Agrovet Solutions LLC, both of which were Florida companies.

    c.  Individual A was the registered agent of Farm & Village Market, LLC, a Florida company.

    d.  Individual B was the registered agent of PI Infinitive LLC, a Florida company.

    e.  The U.S. Small Business Administration ("SBA") was a United States government agency that provided support to small businesses.

f. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

g. One source of relief provided by the CARES Act was the expansion of the Economic Injury Disaster Loan ("EIDL") program, which provided loan assistance (including advances of up to $10,000) for businesses with, among other things, 500 or fewer employees and other eligible entities for loans up to $150,000. The EIDL program was designed to provide economic relief to small businesses that were experiencing a temporary loss of revenue.

h. EIDL loan proceeds were permitted to be used to pay an array of working capital and normal operating expenses, such as continuation of health care benefits, rent, utilities, and fixed debt payments.

i. In order to obtain funds through the EIDL program, small businesses applied through the SBA via an online portal and application. As part of the EIDL application process, the SBA required applicants to submit truthful information concerning the business, including the gross revenues for the business prior to January 31, 2020, the cost of goods sold, and the number of employees. Applicants were required to electronically certify that the information provided was true and accurate, and were warned that any false statement or misrepresentation to the SBA may result in sanctions, including criminal penalties.

j. The SBA issued EIDL funds to the small business applicants directly from the United States Treasury.

2. Beginning in or around March 2020, and continuing through in or around September 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAJA NIKOLIC and MARKO NIKOLIC,

defendants herein, and others known and unknown to the grand jury, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money from the Small Business Administration by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendants MAJA NIKOLIC, MARKO NIKOLIC and others submitted, attempted to submit, and caused to be submitted, applications for loans under the EIDL program, knowing that the applications contained false statements and misrepresentations related to the loan applicants.

4. It was further part of the scheme that defendants MAJA NIKOLIC and MARCO NIKOLIC knowingly solicited and caused to be solicited from individuals, including Individual C and Individual D, personal identifying information such as addresses, phone numbers, birthdates, and social security numbers.

5. It was further part of the scheme that defendants MAJA NIKOLIC and MARCO NIKOLIC used and caused to be used their own and other individuals' personal identifying information to reincorporate previously dissolved companies in

their own names and the names of other individuals, including Individual C and Individual D.

6. It was further part of the scheme that defendant MARKO NIKOLIC reincorporated Food by Orange LLC and Agrovet Solutions LLC in his name, and with defendant MAJA NIKOLIC's knowledge, submitted and caused to be submitted applications for EIDL funds on behalf of these companies, knowing that the applications falsely represented that the companies conducted business and had employees, when, as defendants MARKO NIKOLIC and MAJA NIKOLIC knew, Food by Orange LLC and Agrovet Solutions LLC were fictitious, conducted no business, had no employees, and did not suffer economic injury due to the COVID-19 pandemic.

7. It was further part of the scheme that defendant MAJA NIKOLIC, with defendant MARKO NIKOLIC's knowledge and assistance, reincorporated Farm & Village Market, LLC in the name of Individual C and created incorporation documents for the purpose of applying for EIDL funds on behalf of the company, knowing that Farm & Village Market, LLC was a fictitious company and not eligible to receive funds from the EIDL program.

8. It was further part of the scheme that defendant MAJA NIKOLIC reincorporated PI Infinitive LLC in the name of Individual D and created incorporation documents for the purpose of applying for EIDL funds on behalf of the company, knowing that PI Infinitive LLC was a fictitious company and not eligible to receive funds from the EIDL program.

4

9. It was further part of the scheme that defendants MAJA NIKOLIC and MARKO NIKOLIC knowingly caused the SBA to disburse EIDL funds into bank accounts controlled by defendants MAJA NIKOLIC and MARKO NIKOLIC so that they could use the funds for their personal benefit.

10. It was further part of the scheme that defendants MAJA NIKOLIC and MARKO NIKOLIC misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

11. As a result of the scheme, defendants MAJA NIKOLIC and MARKO NIKOLIC fraudulently misappropriated at least hundreds of thousands of dollars from the SBA's EIDL program.

12. On or about August 31, 2020, at Oak Brook, in the Northern District of Illinois, Eastern Division, and elsewhere,

MAJA NIKOLIC,

defendant herein, for the purpose of attempting to execute the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from furiafreight@gmail.com to xxxx@xxxx.com, containing articles of incorporation and a federal employer identification number for Farm & Village Market, LLC;

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO

THE SPECIAL NOVEMBER 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about June 28, 2020, at Oak Brook, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARKO NIKOLIC,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer in the amount of approximately $149,900 from the Small Business Administration to an account ending in 9036 at Bank A, which funds represented the proceeds of an Economic Injury Disaster Loan to Food by Orange LLC;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

THE SPECIAL NOVEMBER 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One are incorporated here.

2. On or about July 28, 2020, at Oak Brook, in the Northern District of Illinois, Eastern Division, and elsewhere,

## MARKO NIKOLIC,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer in the amount of approximately $149,900 from the Small Business Administration to an account ending in 0043 at Bank B, which funds represented the proceeds of an Economic Injury Disaster Loan to Agrovet Solutions LLC;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2019 GRAND JURY further alleges:

1. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343 and 1349, as set forth in this Indictment,

MAJA NIKOLIC and MARKO NIKOLIC,

defendants herein, shall forfeit to the United States of America, any property which constitutes and is derived from proceeds traceable to the offenses, as provided in Title 18, United States Code, Section 981(a)(1)(C).

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY